30 N.J. Super. 79 (1954)
103 A.2d 387
IN THE MATTER OF FORMAL COMPLAINT OF TOWNSHIP OF LAKEWOOD
v.
LAKEWOOD WATER COMPANY  IN RE REFUSAL TO EXTEND SEWERAGE FACILITIES IN THE TOWNSHIP OF LAKEWOOD. TOWNSHIP OF LAKEWOOD, APPELLANT,
v.
LAKEWOOD WATER COMPANY AND BOARD OF PUBLIC UTILITY COMMISSIONERS, DEPARTMENT OF PUBLIC UTILITIES, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1954.
Decided March 1, 1954.
*80 Before Judges JAYNE, FRANCIS and SMALLEY.
Mr. S.P. McCord, Jr., for Lakewood Water Company (Messrs. Starr, Summerill & Davis, attorneys).
Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, for Department of Public Utilities, Board of Public Utility Commissioners (Mr. Frank H. Sommer and Mr. John R. Sailer, Deputy Attorneys-General, of counsel).
Messrs. Stoffer and Jacobs, for Township of Lakewood (Mr. Joseph M. Jacobs and Mr. Joseph Harrison, of counsel).
The opinion of the court was delivered PER CURIAM.
Our decision in the above-entitled appeal was filed on February 4, 1954. The respondents, Lakewood Water Company and Board of Public Utility Commissioners, have each addressed a petition to us requesting a reargument of the subject matter of the appeal. Additionally, we have the petitions of counsel associated respectively with the Atlantic City Electric Company and Hackensack Water Company who, if a reargument is granted, seek leave to participate therein as amici curiae.
The reasons asserted by the respondents for a reargument appear to arise from a misconception of the object and purpose of our decision. The prayer of the petition addressed to the Commission was for an order obliging the utility "to extend its existing sewerage facilities to `Lakewood *81 Village' upon such terms and conditions as this Board may deem proper." The Commission failed to determine and specify the "proper terms and conditions." It merely decided that the terms sought to be exacted by the utility were not unreasonable because the sewer department of the utility's business was operated at a loss in 1951 and 1952 and because the estimated annual receipts for sewer service from the 58 home owners would not be immediately adequate. We expressed our opinion concerning the logical legality of those reasons in their application to the circumstances of the instant proceeding.
We observed that "the issue of the effect of the absorption of the cost of the extension upon the over-all return was neither explored to any extent by the parties nor determined by the board. Respondent's president said that the result would be to `reduce the low rate of return we are now experiencing,' but the matter was not pursued further." We do not apprehend that an inquiry such as contemplated by our mandate concerning a maximum expenditure of about $24,000 will necessitate a lengthy and expensive rate hearing.
The insistence that our decision constitutes an intrusion upon the jurisdictional field of the Board is manifestly erroneous. We iterate and adhere to our previously announced conclusion:
"* * * Under the circumstances, justification does not exist for a direction by this court that the extension should be installed in accordance with appellant's application. Consequently, there must be a remand of the proceeding to the board for hearing and determination of this issue. If, upon such hearing, it appears that absorption of the cost of the extension by respondent will not reduce the over-all earnings below the level of a fair and reasonable return, the extension should be ordered. If, however, it appears that the effect would be to reduce the return below the stated level, then revision of the rates should be made to accommodate the extension, unless such revision would force an unreasonable burden upon all of the consumers. If there is a specific finding of such unreasonable burden, then the board should prescribe the reasonable terms upon which the making of the extension will be ordered."
The applications for a reargument are denied.